IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YASIR MEHMOOD,**<br><br>Petitioner,<br><br>v.<br><br>**RYAN GARCIA, et al.,**<br><br>Respondents. | Case No. 1:15-cv-01585 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

Petitioner is a federal pretrial detainee proceeding *pro se* with the instant petition for habeas corpus pursuant to 28 U.S.C. § 2241.

## I.   BACKGROUND

On October 16, 2015, Petitioner filed the instant petition for writ of habeas corpus. Petitioner is not in custody as the result of a state or federal court criminal judgment. Petitioner is a federal pretrial detainee and currently subject to prosecution on criminal charges in the Sacramento Division of the Eastern District of California in United States v. Mehmood, Case No. 2:12—cr—00154-JAM. Trial in the underlying criminal matter is currently set for July 11, 2016. Id. at ECF No. 403. On March 1, 2013, a pretrial services violation petition was filed and a warrant was issued for Petitioner's arrest. (See Pet.) Petitioner alleges that the arrest warrant was illegally issued because the pretrial

1   services violation petition was not accompanied by an affidavit, as required by the Fourth

2   Amendment, and therefore did not establish probable cause. (Id.)

3   **I.      SCREENING THE PETITION**

4          Because the petition was filed after April 24, 1996, the effective date of the

5   Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the

6   petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484,

7   1499 (9th Cir. 1997).

8          The Rules Governing Section 2254 Cases in the United States District Courts

9   (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28

10  U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a

11  preliminary review of each petition for writ of habeas corpus. The Court must summarily

12  dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that

13  the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v.

14  Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490

15  (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief

16  available to the Petitioner; 2) state the facts supporting each ground; and 3) state the

17  relief requested. Notice pleading is not sufficient; rather, the petition must state facts that

18  point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976

19  Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S.

20  63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably

21  incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

22         Further, the Court may dismiss a petition for writ of habeas corpus either on its

23  own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or

24  after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule

25  8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

26  **III.     DISCUSSION**

27         Pursuant to 28 U.S.C. § 2241, the courts have jurisdiction to consider a habeas

28  petition brought by a federal pretrial detainee. Although Section 2241 establishes

1    jurisdiction in the federal courts to consider pretrial habeas petitions, the courts should

2    abstain from the exercise of that jurisdiction if the issues raised in the petition may be

3    resolved either by trial on the merits or other procedures available to the petitioner in the

4    pending criminal case. See, Fay v. Noia, 372 U.S. 391, 417-20, 83 S. Ct. 822, 9 L. Ed.

5    2d 837 (1963); Jones v. Perkins, 245 U.S. 390, 391-92, 38 S. Ct. 166, 62 L. Ed. 358

6    (1918); Riggins v. United States, 199 U.S. 547, 550-51, 26 S. Ct. 147, 50 L. Ed. 303

7    (1905).

8         A pretrial detention ruling can be challenged in the context of the criminal case,

9    and therefore is not appropriately challenged in a separate § 2241 proceeding. See

10   Fassler v. United States, 858 F.2d 1016, 1018-1019 (5th Cir. 1988) (per curiam)

11   (criticizing habeas petitioner's decision to challenge constitutionality of pretrial detention

12   order in habeas rather than through an appeal brought pursuant to 18 U.S.C. § 3145, but

13   declining to find § 3145 offered exclusive remedy); United States v. Pipito, 861 F.2d

14   1006, 1009 (7th Cir. 1987) (holding that it was not error for the district court to refuse to

15   consider habeas petition because petitioner should have followed procedures in 18

16   U.S.C. § 3145); Whitmer v. Levi, 276 F. App'x 217, 219 (3rd Cir. 2008) (per curiam)

17   (holding that petitioner challenging his pretrial detention in habeas did not seek an

18   appropriate remedy because adequate remedies were available in his criminal case).

19        Petitioner's criminal case is ongoing, and any challenges to his pretrial detention

20   should be pursued in the criminal case. Accordingly, his petition should be summarily

21   dismissed.

22        The petition should also be dismissed because Petitioner fails to state a claim for

23   relief. The Fourth Amendment to the United States Constitution states that "no Warrants

24   shall issue, but upon probable cause, supported by Oath or affirmation." An unsworn

25   declaration made under penalty of perjury has the same force and effect as a "sworn

26   declaration, verification, certificate, statement, oath, or affidavit." 28 U.S.C. § 1746. An

27   unsworn declaration that complies with 28 U.S.C. § 1746 satisfies the requirements of

28   the Fourth Amendment because "signing a statement under penalty of perjury satisfies

the standard for an oath or affirmation." <u>United States v. Bueno-Vargas</u>, 383 F.3d 1104, 1110 (9th Cir. 2004) (finding that an unsworn probable cause statement that was signed under penalty of perjury and faxed to the magistrate judge satisfied Fourth Amendment's oath and affirmation requirement). Petitioner attaches a copy of the pretrial services violation petition which was signed under penalty of perjury. ECF No. 1 at 30-32. The oath or affirmation requirement of the Fourth Amendment was therefore satisfied and petitioner is not entitled to relief.

For these reasons set forth above, the petition should be summarily dismissed.

## III.    RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED. Further, the Clerk of Court is ORDERED to assign a district court judge to the instant matter.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   January 23, 2016        /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE